**J. Minos SIMON**

v.

**Warren LANDRY, Wallace Leger, et al., Police Jurors.**

**Civ. A. No. 9100.**

United States District Court
W. D. Louisiana,
Lafayette Division.

June 10, 1968.

J. Minos Simon, Lafayette, La., for plaintiff.

Bertrand DeBlanc, Dist. Atty., Lafayette Parish, La., Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Baton Rouge, La., for defendant.

Before WISDOM, Circuit Judge, and DAWKINS and HUNTER, District Judges.

PER CURIAM.

The case at bar has a long history, but requires no résumé, for that history appears fully in the decisions previously rendered. It suffices to state that this action was instituted as a class action by a citizen and taxpayer of Ward 3 of Lafayette Parish, Louisiana. An adjudication is sought to procure reapportionment of the Police Jury, pegged on the proposition that the wide disparity between the population of their ward and that of the other wards dilutes the efficacy of their votes in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution

of the United States. A single judge of this Court held that the "one person-one vote" rule did not apply to subordinate state subdivisions and dismissed the suit. Following the entry of that judgment an appeal was taken to the United States Court of Appeals for the Fifth Circuit. That Court specifically declined to pass on the merits but concluded that a single-judge district court was without jurisdiction and remanded the case in order that a three-judge court might be convened to hear and determine the issue.

The material facts are not in dispute. Police juries are historically the fountainhead of representative government within Louisiana parishes. They are authorized by statute to re-district their parishes into not less than five nor more than twelve police jury wards.

Lafayette Parish is comprised of ten wards. The 1960 Census reveals the number of inhabitants residing in Lafayette Parish on a ward basis to be:

Ward One (1)      5,213
Ward Two (2)      2,815
Ward Three (3)    55,033
Ward Four (4)     1,093
Ward Five (5)     2,511
Ward Six (6)      4,370
Ward Seven (7)    2,370
Ward Eight (8)    9,381    (Ward 8 has recently been divided into Wards 8 and 10).
Ward Nine (9)     1,880

Each of these wards is represented by one police juror, except Ward 3, which is represented by six. These figures reveal that 65% of the people reside in Ward 3, and little mathematical ingenuity is required to prove plaintiff's theory that the vote in parish management affairs of the individual voter in Ward 3 is grossly diluted.

On June 15, 1964, the United States Supreme Court decided Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, and five other cases concerning apportionment of the legislatures of the States of Alabama, New York, Colorado, Maryland and Virginia. Every qualified resident, Reynolds determined, has the right to a ballot for election of state legislators of equal weight to the vote of every other resident, and that right is infringed when legislators are elected from districts of substantially unequal population. The instant case has been held in abeyance awaiting a determination by the Supreme Court as to whether the rationale of Reynolds is applicable to "units of local government with general responsibility and power for local affairs." That question was answered by the Supreme Court in Avery v. Midland County, Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45, decided April 1, 1968. The conclusion was precise—Reynolds is applicable, and the Constitution permits no substantial variation from equal population in drawing districts for units of local government having general governmental powers over the entire geographical area served. The apportionment of Louisiana police juries is governed by Reynolds. Avery v. Midland County, Texas (Supreme Court of the United States, April 1, 1968). There should be judgment for plaintiff. There is.

The provision of proper relief to implement this decision causes us much concern. Surely, the formulation of a constitutionally acceptable method of selecting a board to administer the affairs of a parish is more properly a legislative function than a judicial one. Accordingly, a proper solution is to afford the Police Jury an opportunity to reapportion itself. Defendants will prepare and submit on or before October 1, 1968 a constitutionally satisfactory plan. On or before November 1, 1968, plaintiff will file with this Court, and serve on defendants, his reply to the proposals of defendants, expressing his objection, if any, or concurrence therewith.

We state the guidelines for reapportionment to be substantially the same as those set forth in Bannister v. Davis, D. C., 263 F.Supp. 202, for lawful re-

apportionment of the Louisiana Legislature. That Legislature, which will convene next month, has been validly apportioned on the basis of those guidelines. As a possible alternative we direct the attention of defendants to the Supreme Court's decision in Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967). There, the Court permitted Virginia Beach to choose its legislative body by a scheme that included at-large voting for candidates, some of whom had to be residents of particular districts, even though the residence districts varied widely in population  In *Avery*, the Supreme Court reaffirmed and cited *Dusch* to demonstrate that the Constitution and that Court would not be roadblocks in the path of innovation, experiment, and development among units of local government.